IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLAYTON LEE FELTON,**

    Plaintiff,

v.                                                           Civil Action No. **3:24CV873**

**UNKNOWN,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, initiated this action by submitting a letter to this Court. (ECF No. 1.) In that letter, Plaintiff complained, *inter alia*, "[t]his prison is one big civil rights violation. They violate ADA laws, they put very little food on trays . . . ." (ECF No. 1, at 1 (spelling corrected).) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). By Memorandum Order entered on April 29, 2025, the Court directed Plaintiff to particularize his complaint. (ECF No. 18.)

Thereafter, Plaintiff sought multiple extensions of time and the appointment of counsel. By Memorandum Order entered August 12, 2025, the Court noted:

> As the United States Court of Appeals for the Fourth Circuit has stated,
>
> a district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel. [*Whisenant v. Yuam*, 799 F.2d 160, 162 (4th Cir. 1984)]. That inquiry requires the court to determine (1) whether the plaintiff "has a colorable claim" and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lack the capacity to present it." *Id.* If both questions are answered affirmatively, the case present exceptional circumstances. *Id.*

> *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). At this juncture, Plaintiff has failed to submit enough information to show that he has a colorable claim. It is incumbent on Plaintiff himself to litigate this case.

(ECF No. 24, at 1–2 (citing *Jenkins*, 109 F.4th at 247–51).) The Court denied Plaintiff's motions for appointment of counsel. (*Id.* at 2.) Additionally, the Court informed Plaintiff that he "fails to demonstrate that he is entitled to have the Court order the Virginia Department of Corrections to provide him with his medical files or other information at this time." (*Id.*) The Court granted Plaintiff an extension of twenty (20) days from the date of entry thereof to submit the particularized complaint. (*Id.*)

Thereafter, on September 15, 2025, the Court granted Plaintiff yet another extension of time. (ECF No. 26.) The Court directed Plaintiff to submit his particularized complaint within thirty (30) days of the date of entry thereof. (*Id.* at 1.)

Thereafter, Plaintiff submitted two letters requesting an attorney and complaining that he has not received a copy of an incident report. (ECF Nos. 27, 28.) As previously explained, Plaintiff fails to demonstrate that he is entitled to the appointment of counsel because he fails to demonstrate that he has a colorable claim. Additionally, as previously noted, Plaintiff fails to demonstrate that this Court can compel the Virginia Department of Corrections to provide him any information at this early juncture. Plaintiff has failed to offer a valid excuse for his failure to submit a particularized complaint in the last eight months. This case cannot continue to languish on the docket in this inchoate state for the indefinite future. The action will be DISMISSED WITHOUT PREJUDICE. Plaintiff remains free to refile the action at the point in the future when he can submit an appropriate complaint.

An appropriate Order will accompany this Memorandum Opinion.

Date: 13 January 2026
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District Judge

2